IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| KERRY WILSON BIGELOW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:11CV610 |
| | ) | |
| ROGER STANCIL, FRANCES RUSSELL, | ) | |
| LANCE NORRIS, LILLY LANGER, and | ) | |
| FLORENTINE MILLER, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on Defendants' Motion to Dismiss [Doc. #21] pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff is proceeding *pro se* and has responded to Defendants' motion. For the reasons that follow, the Court recommends that Defendants' Motion to Dismiss be granted, and that this action be dismissed.

I.   FACTS, CLAIMS, AND PROCEDURAL HISTORY

Plaintiff states in his Amended Complaint that he is complaining of "the manner in which" Defendants "discriminated against [him] in terms of the conditions of [his] employment." (Pl.'s Am. Compl. [Doc. #7], attach. 1.) Plaintiff's Amended Complaint does not state the law pursuant to which he is filing this action. (Pl.'s Am. Compl. [Doc. #7].) However, his original Complaint was filed pursuant to Title VII of the Civil Rights Act of 1964, and the Civil Cover Sheet cites Title VII as the statutory basis for his claims.[1] (Pl.'s Compl.

---

[1] Plaintiff attached a copy of his Right to Sue letter from the EEOC to his original Complaint. In the Original Complaint, which was filed in the Eastern District of North Carolina, Plaintiff alleged a claim for

[Doc. #1] at 2.) Plaintiff's Response in Opposition to Defendants' Motion to Dismiss consists of a copy of a Complaint Plaintiff apparently filed through counsel in state court raising claims of discriminatory failure to promote and retaliation in violation of North Carolina law. (Pl.'s Response [Doc. #24], attach. 1.)

In the Amended Complaint, Plaintiff sets out only a few facts regarding his claim. Plaintiff was apparently formerly employed by the Town of Chapel Hill as a sanitation worker. He alleges that on September 20, 2010, Defendant Lance Norris, the Director of Public Works for the Town of Chapel Hill, placed Plaintiff and a co-worker, Clyde Clark, Jr., on administrative leave without pay pending the outcome of an investigation. (Pl.'s Am. Compl. [Doc. #7], attach. 1.) Plaintiff further alleges that on October 29, 2010, Defendant Norris terminated the employment of Plaintiff and Mr. Clark. (Id.) Plaintiff states that Defendant Norris said his "conclusion was drawn by town staff and an outside pay [sic] investigator, coworkers and supervisors, and mainly because of two residential customers named Mrs. Eileen G. Noonan and Mrs. Lilly Langer." (Id.) Plaintiff further states that Mrs. Noonan and Mrs. Langer "said that [Plaintiff and Mr. Clark] were threatening or intimidating and that [they] did not serve them properly" and complained that Plaintiff and Mr. Clark "left their Trash unhandled for weeks." (Id.) Plaintiff states that the Town allowed Mrs. Noonan and Mrs. Langer to testify at "the hearing of the appeal," which apparently refers to Plaintiff's grievance of his termination. (Id.)

---

discriminatory failure to promote and retaliatory discharge, and in his Civil Cover Sheet, he stated that he was bringing suit under Title VII of the Civil Rights Act of 1964 because he "received less pay than my similarly-situated Caucasian counterparts." The case was transferred by the Eastern District to this District where venue is proper, and Plaintiff thereafter filed his Amended Complaint [Doc. #7] as a matter of right, and the Amended Complaint is now the operative pleading in this case.

Plaintiff says that he and Mr. Clark were fired "because two white women lied on us black men." (Id.)

Other parts of the record shed some light on the identity of the remaining Defendants and the offices they held during the relevant time period. Specifically, Defendant Stancil was the Chapel Hill Town Manager, Defendant Miller was the Deputy Town Manager of Chapel Hill, and Defendant Russell was apparently an employee of the Town, but her exact position is not further specified.

Defendants argue that all claims should be dismissed for two reasons. First, they contend that under Title VII the only proper defendant is the employer, which in this case is the Town of Chapel Hill, and thus all claims against Defendants should be dismissed because they are all individuals and not "employers." (Defs.' Br. in Supp. of Mot. to Dismiss [Doc. #22], at 3-4.) Second, Defendants argue that all claims should be dismissed because Plaintiff has failed to allege sufficient facts to state a claim under Title VII. (Id. at 4-5.) They contend that Plaintiff has not alleged any adverse employment action that occurred because of his race. Rather, Defendants' argue, Plaintiff alleges that he was discharged because citizens complained about his work performance and behavior. (Id. at 5.)

II.   DISCUSSION

A plaintiff fails to state a claim on which relief may be granted under Fed. R. Civ. P. 12(b)(6) when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial

3

Plaintiff says that he and Mr. Clark were fired "because two white women lied on us black men." (Id.)

Other parts of the record shed some light on the identity of the remaining Defendants and the offices they held during the relevant time period. Specifically, Defendant Stancil was the Chapel Hill Town Manager, Defendant Miller was the Deputy Town Manager of Chapel Hill, and Defendant Russell was apparently an employee of the Town, but her exact position is not further specified.

Defendants argue that all claims should be dismissed for two reasons. First, they contend that under Title VII the only proper defendant is the employer, which in this case is the Town of Chapel Hill, and thus all claims against Defendants should be dismissed because they are all individuals and not "employers." (Defs.' Br. in Supp. of Mot. to Dismiss [Doc. #22], at 3-4.) Second, Defendants argue that all claims should be dismissed because Plaintiff has failed to allege sufficient facts to state a claim under Title VII. (Id. at 4-5.) They contend that Plaintiff has not alleged any adverse employment action that occurred because of his race. Rather, Defendants' argue, Plaintiff alleges that he was discharged because citizens complained about his work performance and behavior. (Id. at 5.)

II.   DISCUSSION

A plaintiff fails to state a claim on which relief may be granted under Fed. R. Civ. P. 12(b)(6) when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In the context of *pro se* complaints, the Court of Appeals for the Fourth Circuit has noted that *pro se* complaints must be construed "liberally," but the Fourth Circuit has also held that courts should not "conjure up questions never squarely presented to them" or attempt to "construct full blown claims from sentence fragments." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In this regard, a court should not assume the "improper role of an advocate," but should instead examine the allegations actually before it. Id.[2]

In this case, Plaintiff appears to be asserting an employment discrimination claim under Title VII of the Civil Rights Act of 1964. Title VII makes it "an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's race . . ." 42 U.S.C. § 2000e-2(a). However, Plaintiff has named only individuals as Defendants in his Original Complaint and in his Amended Complaint. The Fourth Circuit has held that "Congress only intended employers to be liable for Title VII violations" and that "[t]o permit individual liability would improperly expand the remedial scheme crafted by Congress." Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 181 (4th Cir.

---

[2] In this regard, the Court notes that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted). However, the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing *pro se* complaint); see also Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("[E]ven a *pro se* complainant must plead 'factual matter" that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 679)).

4

1998). Therefore, "supervisors are not liable in their individual capacities for Title VII violations." Id. In the present case, none of the individuals named as Defendants were Plaintiff's employer under Title VII. Therefore, Plaintiff cannot state a claim upon which relief may be granted pursuant to Title VII against the Defendants named in the Original Complaint or the Amended Complaint, and dismissal under Rule 12(b)(6) is warranted.[3]

III. CONCLUSION

IT IS THEREFORE RECOMMENDED that Defendants' Motion to Dismiss [Doc. #21] be GRANTED, and that this action be dismissed with prejudice.

This, the 22nd day of February, 2013.

/s/ Joi Elizabeth Peake
United States Magistrate Judge

---

[3] Having reached this conclusion, the Court need not consider Defendants' alternative contention that Plaintiff has failed to sufficiently allege a claim under Title VII. To the extent Plaintiff may be attempting to allege some other claim, the Court notes that Plaintiff has also failed to allege any action by a municipal employee motivated by racially discriminatory intent in order to state a claim under 42 U.S.C. § 1983 for an alleged violation of the Equal Protection Clause or 42 U.S.C. § 1981. Cf. Mullen v. Princess Anne Volunteer Fire Co., Inc., 853 F.2d 1130 (4th Cir. 1988) (noting that the Title VII proof scheme is "applicable to cases, such as suits under § 1981 and § 1983, where proof of discriminatory intent is required."). In addition, the Court further notes that there is no allegation that the Defendants engaged in a conspiracy to violate Plaintiff's civil rights with an invidiously discriminatory racial animus so as to state a claim under 42 U.S.C. § 1985(3). See Bray v. Alexandria Women's Health Clinic, 506 U.S. 263 (1993); see also Gooden v. Howard County, Maryland, 954 F.2d 960, 969-70 (4th Cir. 1992) (noting that courts have "required that plaintiffs alleging unlawful intent in conspiracy claims under § 1985(3) or § 1983 plead specific facts in a nonconclusory fashion to survive a motion to dismiss"). Therefore, the Court concludes that no federal action has been stated in this action, although the Court notes that this determination is without prejudice as to any claims under § 1983, § 1981, or § 1985, since no such claim was specifically asserted by Plaintiff or addressed by Defendants. Moreover, there being no viable cause of action stated which would support federal question jurisdiction and no showing of diversity jurisdiction in this Court, the Court will not address any possible claims under North Carolina state law.